**GALLOWAY et al. v. LUMBERMEN'S INDEMNITY EXCHANGE et al.**
(No. 618.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 10, 1920. Rehearing Denied Jan. 5, 1921.)

Master and servant ⬥366—Minor illegally employed not an "employé" within Compensation Act.

A minor under 15 years, whose employment by a lumber company at its sawmill was illegal and made punishable by Acts 1917, c. 59 (Vernon's Ann. Pen. Code Supp. 1918, art. 1050e), was not an "employé" within the Workmen's Compensation Act (Acts 1917, c. 103) § 12i, (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—30) to entitle his mother to compensation for his death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

Appeal from District Court, Orange County; E. L. Bruce, Special Judge.

Suit by the Lumbermen's Indemnity Exchange and another, insurance carriers, against Susie Galloway and another, to set aside ruling and award of the Industrial Accident Board awarding compensation for death of the named defendant's son, Ernest Hadnot, the employé. From judgment for plaintiffs, defendants appeal. Affirmed.

D. E. O'Fiel, of Beaumont, for appellants.
C. A. Lord, of Beaumont, for appellees.

HIGHTOWER, C. J. On February 7, 1918, Ernest Hadnot, a minor under the age of 15 years, was working for the Reese-Corriher Lumber Company at its sawmill in Orange county, Tex., and on said date said minor, while discharging the duties of his employment, as claimed by the appellants, received personal injuries which soon thereafter resulted in his death. At the time of the injury and death of Ernest Hadnot, the Reese-Corriher Lumber Company was carrying a policy of insurance on the employés at its said mill, issued by the Lumbermen's Indemnity Exchange in accordance with the Employers' Liability Act of this state (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246 zzzz). Within due time after the injury and death of Ernest Hadnot, Susie Galloway, his mother, gave notice to the Reese-Corriher Lumber Company and to the Lumbermen's Indemnity Exchange, claiming compensation because of the death of her said son, and thereafter filed her claim with the Industrial Accident Board of this state for such compensation. After due notice by the Industrial Accident Board, a hearing on the claim was had before that board, which resulted in an award in favor of Susie Galloway and against the Lumbermen's Indemnity Exchange, of $5.19 per week for a period of 360 weeks, a portion of which award, however, was allowed to Susie Galloway's attorney, David E. O'Fiel.

After such ruling and award by the Industrial Accident Board and within due time, Lumbermen's Indemnity Exchange notified Susie Galloway's attorney, David E. O'Fiel, that it would not abide by the ruling and award of the Industrial Accident Board, but would contest the same, and thereafter, in due time, the Lumbermen's Indemnity Exchange and Consolidated Underwriters, the latter concern being a successor to the Lumbermen's Indemnity Exchange, filed suit in the district court of Orange county, where the injury to Ernest Hadnot occurred, to set aside the ruling and award of the Industrial Accident Board, as above shown. The defendants, Susie Galloway and David E. O'Fiel, her attorney, filed their answer, and also by way of cross-bill Susie Galloway sought to recover, in the trial de novo, compensation as the dependent mother of Ernest Hadnot.

The case was tried with a jury, and resulted in an instructed verdict in favor of the plaintiffs, Lumbermen's Indemnity Exchange and Consolidated Underwriters. After their motion for new trial had been duly made and overruled, the defendants, Susie Galloway and David E. O'Fiel, brought the case by appeal to this court.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The decision of one question of law will, in our opinion, dispose of all contentions made by appellants in this court. The record shows without dispute that at the time the minor, Ernest Hadnot, received the injuries which resulted in his death, he was under the age of 15 years, and that he was working in and about the sawmill of the Reese-Corriher Lumber Company in connection with and in the use of dangerous machinery, which was a part of said mill. At the time of the employment of said minor by Reese-Corriher Lumber Company, as well as at the time of his injury and death, the act of 1917 of the Legislature of this state, prohibiting the employment of minors under the age of 15 years around dangerous machinery, etc., was in effect. Section 1 of that act reads as follows:

"Any person, or any agent or employé of any person, firm or corporation, who shall hereafter employ any child under the age of fifteen (15) years, to labor in or about any factory, mill, workshop, laundry, theater or other place of amusement * * * shall be deemed guilty of a misdemeanor, and upon conviction in a court of competent jurisdiction, shall be punished by a fine of not less than twenty-five ($25.00) dollars, nor more than two hundred ($200.00) dollars, or by imprisonment in the county jail for not more than 60 days, or by both such fine and imprisonment." Acts 1917, p. 104 (Vernon's Ann. Pen. Code Supp. 1918, art. 1050e).

That portion of the Workmen's Compensation Act of this state which applies in this case contains this provision:

"If it be established that the injured employé was a minor when injured and that under normal condition his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages and compensation may be fixed accordingly. *This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this state.*" Section 12i, Acts 1917 p. 280; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—30. (Italics ours.)

It is conceded by counsel that the trial judge in this case instructed the verdict in favor of plaintiffs upon the ground, substantially, that Ernest Hadnot, being a minor under the age of 15 years, and being employed at the time of his injury and death in violation of the criminal law of this state, he was not, in contemplation of the Workmen's Compensation Act of this state, such an employé of the Reese-Corriher Lumber Company as was covered by the policy of insurance issued to that company by the Lumbermen's Indemnity Exchange. In other words, the trial court's view was that the minor, who had not attained the age at which he may lawfully be employed at the work in which he was injured, cannot be regarded as an employé, within the provisions of the Workmen's Compensation Act of this state.

After careful consideration of the question, we have concluded that the trial court's view on this point was correct. Corpus Juris seems to state the general rule thus:

"Where a child has not attained the age at which he may lawfully be employed in the occupation in which he is injured, he cannot be regarded as an employé within the provisions of a compensation act. The same rule applies where the minor is working without having obtained a permit, which, if obtained, would have rendered his employment lawful, and although there is no comparative connection between the illegality of the employment and the injury." Corpus Juris Advance Treatise of Workmen's Compensation Acts, p. 49.

In support of the text, the author cites, among other cases, Hetzel v. Ring Co., 89 N. J. Law, 201, 98 Atl. 306, L. R. A. 1917D, 75.

The ruling of the trial court in this case was exactly in line with the holding in the Hetzel Case. In the case of Waterman Lumber Co. v. Beatty, 204 S. W. 448, the opinion by the Texarkana Court of Civil Appeals, the point here under consideration was involved and decided, and, among other things, it was there said:

"While the criminal law only punishes the 'agent' or 'employé' of a person or corporation for violation of the child labor law, the effect is to directly forbid persons or corporations employing children under 15 years of age in certain occupations. For the words 'agent' and 'employé' are of a representative relation. And the provisions of the Workmen's Compensation Act apply only, it is believed, to valid employment contracts."

It is true, the court, speaking through Justice Levy, further pointed out in the Beatty Case the fact that the policy there under consideration expressly provided that it should cover only employés of the employer legally employed. The court's decision, however, in that case did not rest upon such provision of the policy, but it is clear, from the language there used, that the court held that the Workmen's Compensation Act of this state does not cover one in the employment of another where such employment is in violation of the criminal statute of this state, and therefore such employment clearly illegal. We understand that the Supreme Court denied a writ of error in the Beatty Case, and therefore its action in that regard is equivalent to a holding by that court that a minor, whose employment is illegal in this state, is not covered by an insurance policy under the Workmen's Compensation Act of this state.

See, also, Roszek v. Bauerle, etc., Co., 282 Ill. 557, 118 N. E. 991, L. R. A. 1918F, 207. This was an opinion by the Supreme Court of Illinois, and, among other things, the

court, in disposing of the point there involved, said:

"A minor under the age of 14 years could not lawfully be employed to work in a manufacturing establishment, and if employed contrary to law, and injured while so employed, he could not be regarded as an employé within the provisions of the Workmen's Compensation Act."

Regarding the question as settled by the Supreme Court of this state, we see no reason for further discussion at our hands. We think it clear that a minor whose employment is admittedly illegal and made punishable by the criminal statute of this state cannot be said to be an "employé" under the Workmen's Compensation Act of this state.

The contention of appellant, to the effect that the Lumbermen's Indemnity Exchange stands in the shoes of the Reese-Corriher Lumber Company in this case, and should therefore be held to be estopped to set up the illegal employment of the boy, Ernest Hadnot, cannot be sustained, we think, since we fail to see, any essential element of estoppel in this case. Therefore all assignments of error are overruled, and the judgment of the trial court is affirmed; and it will be so ordered.