### GALLOWAY et al. v. LUMBERMEN'S INDEMNITY EXCHANGE et al.
#### (No. 303–3615.)

(Commission of Appeals of Texas, Section A. March 22, 1922.)

**1. Master and servant ☞366—Minor unlawfully employed not an "employé" within Compensation Act.**

Workmen's Compensation Act (Acts 35th Leg. [1917] c. 103, § 12i [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—30]) does not repeal the Child Labor Law (Acts 35th Leg. [1917] c. 59), § 5 [Vernon's Ann. Pen. Code Supp. 1918, art. 1050i]) making it unlawful to employ minors between the ages of 12 and 15 at certain dangerous occupations, nor are such minors included in the term "employé" (section 1, pt. 4, of the Compensation Act [art. 5246—82]), and a contract of insurance between an employer and an insurance company, being presumed to be in accord with the law, cannot be extended to persons employed in violation of the law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

**2. Master and servant ☞417(5)—Compensation claimant has burden of showing employment within statute.**

Under Workmen's Compensation Act (Acts 35th Leg. [1917] c. 103, pt. 2, § 5 [Vernon's

Ann. Civ. St. Supp. 1918, art. 5246—44]), placing the burden of proof upon the party claiming compensation, an insurance company bringing suit to set aside an award for death of a minor need not allege that deceased was not an employee within the act.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Lumbermen's Indemnity Exchange and another, insurance carriers, against Susie Galloway and another, to set aside an award of the Industrial Accident Board awarding compensation for the death of the named defendant's minor son, Ernest Hadnot, the employee. From judgment of the Court of Civil Appeals (227 S. W. 536) affirming judgment for plaintiffs, defendants bring error. Affirmed.

David E. O'Fiel, of Beaumont, for plaintiffs in error.

Crook & Lord, of Beaumont, for defendants in error.

SPENCER, P. J. Ernest Hadnot, a minor, under the age of 15 years, and an employé of the Reese-Corriher Lumber Company, was killed on February 7, 1918, in the course of his employment. At the time of the accident resulting in his death, the lumber company was a subscriber to the Employers' Liability Act, carrying a policy with the Lumbermen's Indemnity Exchange to protect those who were employés within the purview of the act.

Susie Galloway, mother of the minor, filed a claim as a dependent of the minor with the Industrial Accident Board against the Lumbermen's Indemnity Exchange. She was represented before the Board by David E. O'Fiel, an attorney of Beaumont, Tex. An award was made in her favor by the Board, and a percentage of the award was adjudged to be paid to her attorney.

The Consolidated Underwriters, successors to the Lumbermen's Exchange, being unwilling to abide by the final decision of the Industrial Accident Board, filed this suit against Susie Galloway and David E. O'Fiel to set aside this final ruling of the Board.

The grounds alleged for setting aside the award were that Ernest Hadnot was not killed in the course of his employment, and that Susie Galloway was not a dependent. It also pleaded that upon the trial of the cause it claimed the privilege of urging other grounds for setting aside the findings of the Board. To this petition Susie Galloway filed an answer alleging that the minor was injured in the course of his employment, and that she was dependent upon him for support. By way of cross-action she prayed that she be entitled to recover in a lump sum the amount awarded by the Board instead of weekly payment, as decreed by the Board. At the request of defendant in error the trial court instructed the jury to return a verdict in favor of defendant in error, and judgment was rendered upon the verdict so returned. It is conceded that the court gave the peremptory instruction, because the uncontradicted evidence showed that the minor was employed in violation of acts of the Thirty-Fifth Legislature, c. 59, § 1, p. 104 (Vernon's Ann. Pen. Code 1916, art. 1050e), which prescribes a penalty for the employment of children under the age of 15 years by any person, or any agent or employé of any person, firm, or corporation, to labor in or about any mill or factory.

Upon appeal the honorable Court of Civil Appeals entertained the same views of the law as did the trial court, and therefore affirmed the judgment. 227 S. W. 536.

[1] One of the very objects of the Child Labor Law, as declared by its caption and evidenced by its provisions, is to prohibit the employment of children under 15 years of age to labor in certain designated occupations. Section 5 of the act (article 1050i) provides for permits to be issued by the county judge, permitting children between the ages of 12 and 15 years to labor in the designated occupations, under certain conditions; one of the conditions being that the child is not to be employed in or around any mill, factory, workshop, or other place where dangerous machinery is used. Acts 35th Leg. c. 59, p. 104, § 5.

There is nothing in the Workmen's Compensation Law, passed by the same Legislature (Acts 35th Leg. c. 103, p. 269 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91]) that expressly or impliedly repeals any of the provisions of the Child Labor Law. On the other hand, it expressly recognizes and provides against its repeal, as revealed by section 12i of the act (article 5246—30), and therefore, impliedly at least, prohibits the employment of minors where such employment is prohibited by the statutes of the state. Section 12i reads:

"If it be established that the injured employé was a minor when injured and that under normal condition his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages and compensation may be fixed accordingly. This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this state."

The broad definition given the term "employé" by the statute might be construed, if standing alone, as including the employment of a minor between the ages of 12 and 15 years of age in or around a mill where dangerous machinery is used if it were not for the qualification that precedes the definition and the restriction of the term as expressed in the concluding sentence of section 12i. The definition reads:

"The following words and phrases as used in this act shall, unless a different meaning is plainly required by the context, have the following meanings, respectively: * * * 'Employé' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, except * * *" Section 1, pt. 4, Acts 35th Leg. c. 103, p. 269 (article 5246—82).

As the contract of insurance between the lumber company and the defendant in error was entered into in virtue of the Workmen's Compensation Law, it will be presumed, unless the contrary appears, that its stipulations are in accord with and not contrary to that law. As the law prohibits the employment of minors between the ages of 12 and 15 years, in and around mills where dangerous machinery is used, it will be presumed that the contract between the parties, written in pursuance of the law, embodies no provision in conflict with the law. The insurance company's liability is restricted to the terms of its contract, and cannot be extended to include the liability of the lumber company to persons employed by the latter in violation of the law.

This principle of law was announced by the Texarkana Court of Civil Appeals in Waterman Lumber Co. v. Beatty, 204 S. W. 448. In that case the injured employé sued the employer direct, and recovered judgment. The lumber company contended that he should look alone to the terms of the Workmen's Compensation Act for compensation, but the employé replied that the act did not apply because he was employed in violation of the Child Labor Law. The Court of Civil Appeals sustained the contention of the employé, and affirmed the judgment.

The Supreme Court granted a writ of error in that case, but affirmed the judgments of the trial court and the Court of Civil Appeals, holding that there was no error entitling the lumber company to a reversal of the judgment, thereby indicating its approval of the holding of the Court of Civil Appeals upon the question in issue. 110 Tex. 225, 218 S. W. 363.

[2] There is no merit in the contention that, as defendant in error did not allege that the deceased was not an employé within the meaning of the act, it could not take advantage of that fact. Section 5, pt. 2 (article 5246—44), provides:

" * * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act. If the final order of the board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, *and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation.*" Acts 35th Leg. c. 103, p. 269. (Italics ours.)

This article clearly places the burden of proof upon the party claiming compensation. One of the essentials of the burden of proof, and without which there could be no recovery, is that the deceased was an employé within the meaning of the act. A failure to meet this burden entitled the defendant in error to a verdict regardless of whether he had pleaded it in his suit to set aside the award of the Board.

It is our view that the judgment of the district court and of the Court of Civil Appeals are correct, and should be affirmed, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes