GEORGE CHAPMAN ET AL. *vs.* HECTOR J. CYR CO., INC.

Androscoggin.     Opinion, April 25, 1938.

*Berman & Berman* (Lewiston, Maine), for petitioners.
*Robinson & Richardson*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.   This case comes up on appeals by the petitioners and the respondents to a decree awarding compensation under the Workmen's Compensation Act. Carold L. Chapman was in the employ of Hector J. Cyr Co., Inc. The employer was engaged in constructing a cement bridge across the Androscoggin River between Lisbon Falls and Durham. The employee was engaged as a fireman on the Durham side of the river, and worked from 11:30 at night until 7:30 in the morning. He lived in Lisbon Falls and ordinarily used a truck supplied by himself to reach his place of employment. The Industrial Accident Commissioner found that on the night prior to January 2, 1937, Chapman started in his truck from his home but was prevented from reaching his destination by reason of the icy condition of the road on a steep hill in Durham. He did not work that night. Cyr, the foreman in charge of the job, then authorized the use of a boat by Chapman on the night of January 2 to cross the river. This Chapman attempted to do but was swept over the dam to his death. The facts so found, though in part controverted, are amply supported by the evidence. The findings and decision of the commissioner then continue thus:

"In order to receive compensation under the law, the dependent's deceased must have received his injury by accident 'arising out of and in the course of his employment.' R. S., Chap. 55, Sec. 8. Ordinarily, a man injured on his way to work before arriving on the premises where the work is to be performed is not 'in the course of his employment.' *Paulauskis'*

*Case*, 126 Me., 32; *Kinslow's Case*, 126 Me., 157; *Ferreri's Case*, 126 Me., 381. And, if an injury does not arise 'in the course of' the employment, it cannot arise 'out of' the employment. *Wheeler's Case*, 131 Me., 91; *Fournier's Case*, 120 Me., 236. Transportation or the means of transportation to and from work may, however, be furnished by the employer as an incident of the contract of employment, in which case, an injury sustained in the course of such transportation, is sustained 'in the course of' the employment. Examples are to be found in *Fogg's Case*, 125 Me., 168; *Beers' Case*, 125 Me., 1; and *Littlefield's Case*, 126 Me., 159. This is as true of transportation on water as on land. *Heaney* v. *Carlin Construction Co.*, 269, N. Y., 93; *Onisk* v. *Knaust Bros.*, 225 App. Div., N. Y., 186, 232, N. Y. S., 541, affirmed without opinion, 250, N. Y., 569. . . .

"In the instant case, on the night of January 2nd, at least, transportation by row boat across the river from Lisbon Falls to Durham was an incident of the deceased's employment; and we find that he was 'in the course of his employment' when drowned. Obviously, there was a causal relationship between the employment and the unfortunate accident; hence, it is clear that the accident also arose 'out of the employment.' *Beers' Case*, 125 Me., 1."

We approve this statement of legal principles as applicable to the facts above recited.

The petitioners are the father and mother of the deceased employee. They come within the statutory definition of dependents but in the class where the degree of dependency is to be determined "as the fact may have been at the time of the accident." R. S., Chap. 55, Sec. 2, Par. VIII. Appeal is entered in their behalf as to the amount awarded to them. The record discloses, and the commissioner found, that the parents were elderly people living on a small farm in Lisbon owned by the father. The farm consisted of about twenty-five acres of cleared land with a few acres more of pasture and woodlot. Including the eight-room house and the barn, the property was valued from $2500.00 to $3000.00. It was unmortgaged. It provided a home and produced a portion of the food

supplies. The deceased son, who was an only child, lived with his parents when not away at work. He had been so absent about five months during the preceding year.

The commissioner determined that the support furnished by the deceased to both of his parents was equivalent to one-third of his earnings for the year prior to the accident. These earnings were found to have been $900.00. The contribution to both was fixed at $300.00 and for each this would be one-sixth, or $150.00. Compensation was computed in accordance with R. S., Chap. 55, Sec. 14, and amounted to $2.02 per week for each for a period of three hundred weeks.

Counsel rightly assumes that the evidence showed the son earned $390.00 in cash while away from home. This would leave an allowance for work done on the farm for the seven months' period of approximately $500.00. During that time, the son had invested time, labor and money with a view to raising chickens. He had paid out $140.00 for young chicks and had purchased some equipment, all from his current earnings. Money returns therefrom had but recently commenced. This was an investment which might ultimately inure to the benefit of the whole family, but it can not be reckoned as a part of the actual support furnished the parents during the year.

Counsel for the petitioners, however, stressed the findings in *Dumond's Case*, 125 Me., 313, 133 A., 736, where the Court, in reviewing the facts there shown, adopted a computation of $22.00 per week for farm labor. It is trite to say that each case must be decided upon its own facts, yet emphasis seems at times to be required. The cases are not parallel. In the Dumond case, the property purchased at the suggestion of the son was a potato farm in Aroostook County, intended as a business venture, which cost $18,000.00, and where work was done on a commercial scale. Labor on such a farm and labor on a small place which produces nothing for the market, are not comparable. The commissioner's findings were well considered and fair to all parties in interest.

The Court is of opinion that the petitioners are not entitled to allowance for expenses incurred in these proceedings on appeal.

The mandate will be

*Appeals dismissed.*
*Decree affirmed.*