HENRY BARTLEY, PRO AMI
*vs.*
GEORGE COUTURE

LEO MORIN, PRO AMI
*vs.*
GEORGE COUTURE

EDWARD BARTLEY
*vs.*
GEORGE COUTURE

GEDEON MORIN
*vs.*
GEORGE COUTURE

Androscoggin.   Opinion, October 27, 1947.

*Frank W. Linnell,* for plaintiffs.

*Edward J. Beauchamp,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

MURCHIE, J. These four cases, two of which are prosecuted on behalf of minors by their next friends, to recover for personal injuries, and two by parents, to recover the medical and hospital expenses incident to the injury of said minors, were tried together before a single justice of the Superior Court sitting without a jury, with the right of exceptions reserved on questions of law.

A decision, carrying awards of $900 and $300 to the minors and $205.58 and $122 to the parents, is brought to this court on defendant's exceptions. Notwithstanding the

allegation of twenty-five grounds of error in the Bill of Exceptions, including assertion that the evidence would not justify findings that he was negligent, that the minors were his employees, or that he employed more than five workmen or operatives in the business in which the minors were employed, stated and reiterated in various ways, the single point argued by his counsel is that the minors, each fifteen years of age when employed and injured, could not be considered employees within the purview of the Workmen's Compensation Act, hereinafter referred to as "The Act," because they were working without the permit required by R. S. 1944, Chap. 25, Sec. 18, as amended by P. L. 1945, Chap. 277, to legalize the employment of minors between the ages of fifteen and sixteen years during school hours. The preceding section, as amended by P. L. 1945, Chap. 277, prohibits the employment of any child under fifteen years of age "in, about, or in connection with any manufacturing or mechanical establishment, laundry, bakery, bowling-alley, or pool-room," and the employment of any child under fifteen years of age "at any business or service for hire," except by compliance with Sec. 18. As amended, the latter requires that any person employing a minor between the ages of fifteen and sixteen years in any of the occupations mentioned in the preceding section shall procure a permit therefor from the superintendent of schools, or other authorized person. Secs. 31 and 32 of the chapter impose penalties on any person employing a child contrary to Secs. 17 and 18 (and others) and on the parent, guardian, or custodian having such a child under his control for permitting the employment.

The pertinent provisions of The Act (R. S. 1944, Chap. 26) are found in the definition of the word "employee," in Sec. 2, II, i.e. that it "shall include every person in the service of another under any contract of hire, express or implied, oral or written," with exceptions not pertinent to these cases, and in the machinery provided by Sec. 7 to permit the employees, or the parents or guardians of minor

employees, of employers assenting to The Act, to reserve common law rights for the recovery of damages for injuries by appropriate action. A special provision therein is that a "minor working at an age legally permitted under the laws of this state shall be deemed *sui juris*" for the purpose of The Act.

The testimony offered on behalf of the defendant was designed to establish that the minors were volunteer workers, not employees; that they were injured while being given a ride home, not while being transported as an incident of their employment; that they were tipped gratuitously for volunteer work, not paid for labor; and that he did not employ more than five workmen in the business to which the minors devoted their labor. Some of these claims were grounded in the undisputed fact that the minors were not hired for a definite time at an agreed wage. Their own testimony was that the defendant told them to be at a certain place at a stated time if they wanted to go to work; that they appeared at that time and place, were put to work and were paid. The court found that they were employees of the defendant; that they were working in the usual course of his business, and were injured while being transported home from work as an incident of their employment; that their injuries were caused by the negligence of a fellow employee; and that the defendant employed more than five workmen in the business in which the minors were employed. Since the defendant had not assented to The Act, this would constitute him a non-assenting employer under it, assuming its application, as the Trial Court did, and eliminate the fellow-servant doctrine, so-called, as a ground of defense to the actions.

Examination of the record explains the failure of the defendant to argue the factual issues raised by his Bill of Exceptions. A clean-cut conflict of testimony on each and all of them was resolved in favor of the plaintiffs by the single justice who heard it, and had an opportunity to observe the witnesses on the stand. It was his province and

not that of this court to pass upon them. The handicap of a court of law in this field is well illustrated by one of the exhibits which the evidence discloses showed erasures that cannot be apparent in the transcribed record. It is sufficient on these issues to say that there was ample evidence, if believed, as the findings show it was believed, to support each and every finding of fact essential to the decision under review. Questions as to the credibility and weight of testimony are to be determined by the trier of fact. *Bubar* v. *Bernardo,* 139 Me. 82; 27 A. (2nd) 593, and cases cited therein.

It has been recognized heretofore in this jurisdiction that any employee of an employer subject to The Act, who has not become an assenting employer under it, may recover for injuries sustained in the course of his employment in an action at common law, and that under Sec. 3 of The Act neither contributory negligence nor the negligence of a fellow-servant or assumption of risk, shall be available to the employer as a defense to his action. *Nadeau* v. *Caribou Water, Light & Power Co.,* 118 Me. 325; 108 A. 190; *Bubar* v. *Bernardo, supra.* It is established also that injury suffered in the course of transportation furnished by an employer as an incident of employment is sustained in the course thereof, *Chapman et al.* v. *Hector J. Cyr Co., Inc.,* 135 Me. 416; 198 A. 736, and cases cited therein.

This court has not been called upon heretofore to adjudicate the status of a minor employee under The Act, or the application of Sec. 3 thereof to a common law action by such an employee against his employer. In one form or another both questions have been presented in many other jurisdictions, with results that are far from harmonious. Extended annotations on various phases of the issue fundamental to both are to be found in 6 N. C. C. A. at 763; 7 N. C. C. A. at 254; 11 N. C. C. A. at 599; 15 N. C. C. A. at 720; 14 A. L. R. at 818; L. R. A. 1918F at 209; and Ann. Cas. 1918B at 679. Supplemental annotations are found in 16 N. C. C. A at 1063; 17 N. C. C. A. at 607; 33 A. L. R. at

337; and 49 A. L. R. at 1435. The subject matter is treated briefly in annotations dealing with compensation acts generally in L. R. A. 1916A at 23 and L. R. A. 1917B at 80, as in one treating especially of the constitutionality of child labor laws in 12 A. L. R. at 1216.

The annotations analyze one or more decisions in each of twenty or more states. The weight of authority seems to be, as noted by the writer of that found in 14 A. L. R. 818 at 819, that "the employment contemplated by the provisions of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful." The Vermont Court in *Wlock* v. *Fort Dummer Mills, infra,* declared to the same effect. There is no uniformity in the language of the legislation in the several states, or in the nature of the process wherein the adjudications have been recorded. As against our own almost unlimited definition of the word "employee," and the reference to a minor legally permitted to work, in declaring his full capacity to contract, the compensation acts in Illinois, Indiana, Michigan, Minnesota and Wisconsin (to mention no other states) limit their definitions of "employees" in a manner which excludes all minors except those legally permitted to work.

In many decided cases the issue has arisen in litigation wherein a minor, or the parent of one, was seeking a common law remedy and the employer claimed in defense that a compensation act was the exclusive remedy. *Widdoes* v. *Laub,* (Del) ; 129 A. 344; *Roszek* v. *Bauerle & Stark Co.,* 282 Ill. 557; 118 N. E. 991; L. R. A. 1918F 207; 16 N. C. C. A. 1063; *Hetzel* v. *Wasson Piston Ring Co.,* 89 N. J. L. 201; 98 A. 306; L. R. A. 1917D 75; *Western Union Telegraph Co.* v. *Ausbrooks,* 148 Tenn. 615; 257 S. W. 858; 33 A. L. R. 330; *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449; 129 A. 311; and *Stetz* v. *F. Mayer Boot & Shoe Co.,* 163 Wis. 151; 156 N. W. 971; Ann. Cas. 1918B 675. It should be noted perhaps that in the *Wlock* case the employee had sought and obtained an award under the Compensation Act

prior to instituting his action at common law, and that in the *Stetz* case the insurer of the employer had entered into an agreement providing for payment under the Compensation Act, and the guardian of the minor had signed a release.

The general trend of the principles declared in the litigation covered by the annotations is difficult of appraisal by reason of the varied phraseology used in child labor legislation and compensation acts and the mingling of cases falling within such a provision as our own R. S. 1944, Chap. 25, Sec. 18, with those governed by provisions similar to those of the preceding section. It is obscured also by the fact that in some jurisdictions the employment of a minor for prohibited work, or during prohibited hours, is arbitrarily assumed to constitute negligence, *per se,* or *prima facie,* or to deny the employer either the defense of contributory negligence or that of assumption of risk, or both. In some instances the same effect is given to employing a minor without a permit, for work that would have been lawful if a permit had been obtained. Annotations dealing with these special features are to be found in 7 L. R. A. N. S. at 335; 12 L. R. A. N. S. at 461; 20 L. R. A. N. S. at 876; and 48 L. R. A. N. S. at 656.

There is a clean-cut conflict in jurisdictions where the issue as to the application of compensation acts to minors has been raised. Illinois, Indiana, Michigan, Oklahoma and Texas have denied compensation relief to minors employed, as the cases declare, illegally, or permitted a common law recovery on the ground that the compensation act was not applicable to them. *Messmer* v. *Industrial Board of Illinois et al.,* 282 Ill. 562; 118 N. E. 993; *In Re Stoner,* 74 Ind. App. 324; 128 N. E. 938; *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208; 189 N. W. 186; *Rock Island Coal Mining Co.* v. *Gilliam,* 89 Okla. 49; 213 Pac. 833; *Galloway et al.* v. *Lumbermen's Indemnity Exchange et al.* (Tex. Civ. App.) ; 227 S. W. 536. On the other hand, minor employees, employed for work they might have undertaken

lawfully, if their employers had complied with the formalities of child labor legislation, have been permitted to collect benefits under compensation acts, or declared to be entitled to do so, in Connecticut, Massachusetts, New York, Virginia and Washington, although those formalities were ignored. *Kenez* v. *Novelty Compact Leather Co. et al.* (Conn.) ; 149 A. 679; *Pierce's Case,* 267 Mass. 208; 166 N. E. 636; *Noreen* v. *William Vogel & Bros. Inc.,* 231 N. Y. 317; 132 N. E. 102; *Humphries* v. *Boxley Bros. Co.,* 146 Va. 91; 135 S. E. 890; 49 A. L. R. 1427; *Rasi* v. *Howard Mfg. Co.,* 109 Wash. 524; 187 Pac. 327. The Connecticut case, which dates back to March in 1930, the latest of this group of decisions, was based to some extent on the authority of the others. In it, Mr. Justice Maltbie, Chief Justice of the Connecticut Court since the December after it was decided, stated with exact accuracy the problem then before his court and now presented to ours. That problem is to ascertain:

> "the legislative intent which is embodied in our own applicable statutes."

In 1925 the Delaware Court, in *Widdoes* v. *Laub, supra,* rejected the defendant's special plea that the parties were bound by the Workmen's Compensation Law on the theory that its binding effect was based on contract and could not be applicable to minors because they could not lawfully assent to its terms. The Delaware law defined employees in terms substantially as broad as our own, and carried similar provision for assuring employees the reservation of common law rights by notice to their employers, stated in terms of a presumption that both employers and employees were bound in default of notice. As to minors the recital was that:

> "A like presumption shall exist in the case of all minors * unless the notice * * * be given by * * the parent or guardian* * *."

In Delaware, as in Maine, the Compensation Act and the Child Labor Law were enacted by the same Legislature, and the latter made the employment of minors under sixteen

years of age unlawful except under an employment certificate or permit. There, as here, the ban against the employment of minors under a stated age could not be lifted by a permit. For the Maine laws as originally enacted, see P. L. 1915, Chaps. 295 and 327.

The Delaware Court considered the Indiana, Michigan, and Oklahoma cases which were rejected by the Connecticut Court, and the New York and Washington cases which the latter followed. The Washington case was distinguished on the ground that the Child Labor Law of that state, like our own, did not penalize the child for working in violation of it. The New York case was one of several in that state cited in the opinion, which stressed the point that New York distinguished between:

> "the employment of a child under fourteen years of age whose employment is absolutely prohibited and * * * a child over fourteen years of age and under sixteen without an employment certificate."

Such a distinction seems to this court to be a sound one. The minor plaintiffs in the present cases were employed by the defendant for work that would have been entirely lawful had a permit been obtained from the superintendent of schools, or other competent authority. As was stated by the Massachusetts Court in *Pierce's* case, *supra,* quoted with approval in *Kenez* v. *Novelty Compact Leather Co., supra:*

> "As respects the rights of minors under the act, we do not perceive any reason to differentiate between those who are lawfully employed and those employed as a consequence of the employer's illegal conduct. In both instances the minors are free from any statutory inhibitions; their contracts as to themselves are free from the taint of illegality; in each case they are entitled to similar benefits and to an equivalent amount of protection. The parties were possessed of capacity to establish the relation of master and servant, notwithstanding the contrary obligation which the statute imposed upon the employer. The contract is not of that

> type which is wholly void and from which no enforceable rights can arise."

That the legislative intention underlying our Act, and similar acts in other jurisdictions, was to benefit industrial employees and throw the burden of their injuries arising out of their employment on the industries of which they were a part does not admit of doubt. It has been declared in decisions of great number. Its general recognition was stated by the Texas Court in *Gilley et al.* v. *Aetna Life Insurance Co.*, 35 S. W. (2nd) 136:

> "It is an historical fact, of which courts will take judicial knowledge, that the primary purpose of * * * workmen's compensation laws, is to benefit * * * employees * * *."

A balance, according to the Connecticut Court, in *Kenez* v. *Novelty Compact Leather Co., et al., supra,* has to be struck in considering a compensation act and child welfare legislation between:

> "the possibility of benefit from the employment of fewer minors in contravention of the statute and the advantages which would come from extending to those so employed the obvious and recognized benefits of the Compensation Law. In determining the legislative intent, we cannot think that the former consideration had weight, but we believe that the extension to the child of the benefits of the act better accords with the broad humanitarian purpose of the law, to give certain and speedy relief to those suffering injury in industry * * *."

The particular form of certain and speedy relief The Act was designed to provide for employees in industry is not available to the minor plaintiffs because the defendant did not elect to become an assenting employer under it, although eligible to do so. An alternative benefit is found in the provision of Sec. 3, freeing employees prosecuting actions at common law for injuries sustained in the course of their employment from defenses which prior to The Act had re-

lieved employers from liability in cases almost without number. That benefit accrues to them under it.

The defendant challenges the decision in his Bill of Exceptions on the additional grounds, which he has not argued, that the declarations omit to allege negligence on the part of the defendant or his servants and that the Trial Court erred in applying the principle of *res ipsa loquitur* to justify finding that negligence on the part of one of the servants of the defendant caused the injuries. The principle is well established, *Chaisson* v. *Williams,* 130 Me. 341; 156 A. 154; *Shea* v. *Hearn,* 132 Me. 361; 171 A. 248. Its application is justified by the allegations that the driver who operated the truck in which the minors were being transported in the course of their employment drove it off the road and into a ditch, as a result of which it turned over twice and caused the injuries suffered, and that they were due to the negligent acts of that employee. The finding that "the injuries were caused by the negligence of the truck driver Cagliano" was made properly under those allegations. The exception that the decision was based "on an allegation not legally set forth in the declaration" has no merit. In actions for the recovery of damages for personal injury the duty claimed to have been breached and the breach of it may be pleaded either by forthright assertion or the averment of facts from which the law will imply them. *Glidden* v. *Bath Iron Works Corporation,* 143 Me. 24; 54 A. (2nd) 528, and cases cited therein.

*Exceptions overruled.*