**Norman B. PHILBROOK**

v.

**GATES FORMED–FIBRE PRODUCTS, INC.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1987.
Decided Feb. 3, 1988.

---

Peter B. Bickerman (orally), Lipman & Parks, P.A., Augusta, for plaintiff.

Judith W. Andrucki (orally), Marshall, Raymond & Bonneau, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The plaintiff, Norman Philbrook, appeals from a judgment of the Superior Court, Kennebec County, granting defendant Gates Formed–Fibre's motion for summary judgment on the ground that Philbrook was precluded from suing Gates by the exclusivity provision of the Workers' Compensation Act, 39 M.R.S.A. § 1 *et seq.* (1978 and Supp.1987) (hereinafter "the Act"). We agree with Philbrook that on the record on the motion there remains a genuine factual issue whether that exclusivity provision is here applicable. We therefore vacate the summary judgment.

The facts of this case are as follows. In the summer of 1984 Philbrook was hired by Manpower, Inc. of Lewiston, a labor broker. He was sent to work at the Gates factory in Auburn. At the time, Gates had a contract with Manpower whereby Manpower provided a significant part of Gates's labor force; approximately 90 workers at the factory were regular Gates employees and 40 were employees of Manpower. Under the agreement, Gates paid an hourly fee to Manpower for each worker. Manpower, in turn, was responsible for issuing weekly paychecks to Manpower workers. The fee Gates paid to Manpower included payment for workers' compensation insurance.[1]

Philbrook's hands were injured while he was working in the Gates Factory in January of 1985. While he was recovering from his injuries, Philbrook accepted weekly workers' compensation benefits. After an unspecified period of time, he recovered sufficiently from his injuries to accept employment as a janitor.

In his suit against Gates commenced in Superior Court, Philbrook sought damages for his injuries based on common law theories of negligence. Gates moved for summary judgment in its favor pursuant to M.R.Civ.P. 56. After a hearing, the court determined there was no genuine issue of material fact and granted the motion. In its Opinion and Order the court further found that, by its contract with Manpower, Gates had secured the payment of compensation within the meaning of the Act. It also concluded that Philbrook was a special employee of Gates and was therefore barred from suing Gates under the Act's exclusivity provision, 39 M.R.S.A. § 28.[2]

Summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ.P. 56(c). In an appeal from a grant of summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted and review the Superior Court's conclusions for errors of law. *People's Heritage Bank v. City of Saco,* 527 A.2d 320, 321 (Me.1987); *Rancourt v. Waterville Osteopathic Hospital,* 526 A.2d 1385, 1388 (Me. 1987).

1. The pertinent part of the Gates/Manpower contract provided:

 Our bill rates include all deductions required by State and Federal legislation, including employer's contributions and FICA taxes, unemployment compensation, worker's [sic] compensation, liability and fidelity bonding, as well as all other deductions and benefits paid our temporary employees. Additionally, all administrative charges are covered, including preparation of W–2 forms at the end of the year.

2. 39 M.R.S.A. § 28 reads, in pertinent part:

 An employee of an employer, who shall have secured the payment of compensation as provided in sections 21 to 27 shall be held to have waived his right of action at common law to recover damages for injuries sustained by him . . .

 Philbrook contends that Gates was not entitled to judgment as a matter of law because there was insufficient evidence before the court to show Gates had secured the payment of compensation within the meaning of the Act.

The Act mandates that an employer will receive the protection of the Act's exclusivity provision only if the employer secures compensation for its employees within one of several ways described in 39 M.R.S.A. § 23.[3] One of the ways listed in section 23 is obtaining coverage under a workers' compensation insurance policy. All such policies must be approved by the Superintendent of Insurance.[4] This supervision by the Superintendent ensures the fulfillment of the Act's purpose, which is to assure the provision of compensation to employees for their work-related injuries. *See Bryant v. Masters Machine Co.*, 444 A.2d 329, 333 (Me.1982); *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 922 (Me.1981); *Levesque v. Shorey*, 286 A.2d 606, 609 (Me. 1972).

It is not disputed that Philbrook applied for and received workers' compensation benefits for his injury. However, a copy of the workers' compensation insurance policy under which Philbrook was apparently covered was not offered in evidence. Furthermore, the record does not indicate whether this insurance policy had been filed with and approved by the Superintendent of Insurance as the Act requires. Accordingly, Philbrook argues that the evidence before the trial court was not legally sufficient to require the entry of summary judgment for Gates as a matter of law. We agree.

In order to prevail on its motion for summary judgment, Gates was required to demonstrate that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. At most, the record in support of Gates's motion demonstrates a contractual arrangement with a third party to obtain insurance; a copy of the policy was not in evidence. The mere receipt of benefits in the context of this record does not conclusively establish that Gates has insured compensation as it was obligated to do. Without proof that an insurance policy covering Philbrook's injury had been filed with and approved by the Superintendent of Insurance, no employer could obtain the protection of the Act. On this record we need not decide whether an approved policy obtained by Manpower, Inc. could in the circumstances of this case protect Gates. We conclude, however, that issues of material fact exist as to whether Gates secured compensation for Philbrook within the meaning of the Act so as to entitle it to the protection of the Act's exclusivity provision. Accordingly, summary judgment was inappropriate in these circumstances.

Because we vacate the judgment on the ground set forth above, it is unnecessary to address Philbrook's other contention that his intent to become an employee of Gates

---

3. 39 M.R.S.A. § 23 requires an employer to secure compensation.

At the time of Philbrook's injury, it read, in pertinent part:

Every employer subject to this Act shall secure such compensation and other benefits to his employees in one or more of the following ways:

1. **Insuring under workers' compensation insurance policy.** By insuring and keeping insured the payment of such compensation and other benefits under a workers' compensation insurance policy. The insurance company shall file with the commission notice, in such form as the commission approves, of the issuance of any workers' compensation policy to an employer. Such insurance shall not be cancelled within the time limited in such policy for its expiration until at least 30 days after mailing to the commission and to the employer a notice of the cancellation of such insur-

ance. In the event that the employer has obtained a workers' compensation policy from another insurance company, or has otherwise secured compensation as provided in this section, and such insurance or other security becomes effective prior to the expiration of said 30 days, cancellation shall be effective as of the effective date of such other insurance or receipt of security.

. . . .

At the time of Philbrook's injury, 39 M.R.S.A. § 21(1), as amended by P.L.1981 ch. 70 § 3 was in effect. Section 21(1) read, in pertinent part:

Every private employer shall be subject to this Act and shall secure payment of compensation in conformity with this section and sections 22 to 27 with respect to all employees

. . . .

4. 39 M.R.S.A. § 22–C.

constituted a genuine issue of fact precluding summary judgment.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.