**Jeanette FANION, Personal Representative of the Estate of Christopher Girard**

v.

**Philip McNEAL, d/b/a McNeal's Trucking.**

Supreme Judicial Court of Maine.

Argued May 29, 1990.

Decided July 19, 1990.

---

Peter S. Kelley, Alan W. Hanson (orally), Caribou, for plaintiff.

James E. Fortin (orally), Platz & Thompson, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Is an illegally employed minor limited to the relief provided for work-related injuries under the Maine Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (1989 & Supp. 1989)? We answer that question in the affirmative; a minor, even though employed in violation of the Child Labor Laws, 26 M.R.S.A. §§ 773, 775 (1988), is limited to the remedies provided by the Act. We therefore affirm the decision of the Superior Court (Aroostook County, *Pierson, J.*) granting summary judgment to the employer, Philip McNeal, in this death action arising out of work-related injuries suf-fered by an illegally employed minor, Christopher Girard, plaintiff's decedent.

Philip McNeal is the sole proprietor of McNeal Trucking, a waste removal business in Caribou. At about 7:00 a.m. on Tuesday, January 5, 1988, McNeal hired 15–year–old Christopher Girard to help collect rubbish. McNeal did not have a work permit for Girard, as required by 26 M.R.S.A. § 775 (1988).[1] While on the job about four hours later, Girard fell from the back of one of McNeal's trucks and was struck and killed. At the time of the accident, McNeal had workers' compensation insurance coverage in compliance with the Act.

Girard's mother, Jeanette Fanion, was appointed personal representative of Girard's estate and filed this death action against McNeal. McNeal promptly moved for summary judgment asserting that the compensation benefits provided under the Act are the exclusive remedy available to any employee and that the Act exempts him from tort liability. From the Superior Court's entry of summary judgment Fanion appeals.

Since McNeal had not procured a work permit for Girard, his employment violated 26 M.R.S.A. § 775. In addition, by plaintiff's contention, McNeal operates a "mechanical establishment" so that his employment of Girard also violated 26 M.R.S.A. § 773[2] and a work permit for Girard could not in any event have been lawfully obtained. Giving plaintiff the benefit of all favorable inferences that may be drawn from the record, as we are required to do in reviewing a summary judgment, *see Philbrook v. Gates Formed–Fibre Products, Inc.*, 536 A.2d 1118, 1119 (Me.1988), we assume that Girard's employment violated

---

1. 26 M.R.S.A. § 775 reads in part as follows:
   **[Minors under 16]—work permits**
   No minor under 16 years of age shall be employed, permitted or suffered to work in, about or in connection with any gainful occupation, unless the person, firm or corporation employing such child procures and keeps on file a work permit issued to such child by the superintendent of schools of the city or town in which the child resides....

2. 26 M.R.S.A. § 773 reads in part as follows:
   **Minors under 16; prohibited in certain places**
   No minor under 16 years of age shall be employed, permitted or suffered to work in, about or in connection with any manufacturing or mechanical establishment....
   . . . .
   [This provision] shall not apply to minors under 16 years of age who are employed on the grounds of a manufacturing or mechanical establishment, but who are assigned non-hazardous work which is performed outside of any building in which manufacturing or mechanical operations are undertaken.

both section 773 and section 775 of the Child Labor Laws.

Regardless of these statutory violations, workers' compensation remains the sole and exclusive remedy of any employee, including a minor, injured in the course of employment. The Act defines employee to include "every person in the service of another under any contract of hire, express or implied, oral or written" with certain exceptions not here applicable. 39 M.R.S.A. § 2(5). The statutory definition of employee is "almost unlimited." *Bartley v. Couture*, 143 Me. 69, 74, 55 A.2d 438, 441 (1947). At the time of the accident, Girard was performing service for McNeal pursuant to an express oral contract. There can be no doubt that young Girard was an employee within the terms of the Act at the time he was killed.

The exclusivity provisions of the Act are unambiguous. Section 4 specifically provides that "[a]n employer who has secured the payment of compensation ... is exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of his employment, or for death resulting from those injuries." 39 M.R.S.A. § 4. Further, section 28 reiterates that "[a]n employee ... shall be held to have waived the employee's right of action at common law to recover damages for the injuries sustained." 39 M.R.S.A. § 28 (Supp.1989). We have noted on several occasions that "the law of workers' compensation is uniquely statutory." *Wentzell v. Timberlands, Inc.*, 412 A.2d 1213, 1215 (Me.1980). The comprehensive scheme for workers' compensation reflects the legislature's intent to provide "certainty of remedy to the injured employee and absolute but limited and determinate liability for the employer." *McKellar v. Clark Equip. Co.*, 472 A.2d 411, 414 (Me.1984). Through sections 4 and 28 of the Act, the legislature has declared that an employee's remedy and an employer's liability will be limited exclusively to workers' compensation.

The exclusivity sections of the Workers' Compensation Act mean exactly what they say. If an employer subject to the Act secures the payment of workers' compensation as it is required to do, any of its employees (as well as the representative of any employee) is barred from suing that employer for damages for work-related injuries, whether at common law or under ... the wrongful death statute. The employee must look to the workers' compensation system for his exclusive remedy.

*Beverage v. Cumberland Farms Northern, Inc.*, 502 A.2d 486, 489 (Me.1985).

Plaintiff contends that the contract of hire between McNeal and young Girard, formed in violation of the Child Labor Laws, is against public policy and voidable at the option of the minor, and that on her exercising that right to void the contract she as her son's representative is freed from the Act's exclusivity provisions. We reject plaintiff's contention as an impermissable attempt to get around the clear intent of the Act. The legislature has already prescribed the penalties to be imposed on employers to enforce the public policy underlying the Child Labor Laws. *See* 26 M.R.S.A. § 781 (Supp.1989). Had the legislature intended that employers violating the Child Labor Laws would also forfeit their immunity from tort suits, it could easily have so provided.[3] The Act defines "employee" in the broadest possible terms, to encompass a minor whether legally or illegally employed. Nothing in the Act suggests a legislative decision to give illegally employed minors special treatment or to penalize their employers beyond the sanctions provided in the Child Labor Laws themselves. *See American Mut. Ins. Co. v. Murray*, 420 A.2d 251, 252 (Me.1980) (absent a clear command from the legislature, the court will not engraft common law rules onto the statutory scheme of workers' compensation to establish social policy).

The entry is:

Judgment affirmed.

ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ., concurring.

---

**3.** Our legislature might also have provided additional compensation for illegally employed minors who are victims of work-related injuries as have some 21 other state legislatures. *See* 1C D. Larson, *The Law of Workman's Compensation* § 47.52(a), at 8–375 n. 86 (1986).

GLASSMAN, Justice, dissenting.

As the court recognizes, the central issue is whether young Girard was McNeal's "employee" as defined by the Workers' Compensation Act. If Girard were not an employee, then the Act's exclusivity provisions never applied to him and his estate is free to pursue a negligence action against McNeal. I contend that Christopher Girard was never McNeal's employee, and accordingly, I dissent.

The court states that the Workers' Compensation Act "defines 'employee' in the broadest possible terms, to encompass a minor *whether legally or illegally employed.*" One need only read the plain language of the Act to grasp the illogic of this assertion. The Act defines employee as "every person in the service of another under any *contract* of hire, express or implied, oral or written...." 39 M.R.S.A. § 2(5)(A) (Supp.1989) (emphasis added). Employing unambiguous language, the Legislature has chosen a definition of employee that is based upon contract principles. A worker's status as an employee, and hence his coverage under the Act, must arise from a contract for hire. If no contract exists, the worker cannot be an "employee" for purposes of the Act. In the present case, the parties did not form a contract for hire.

It is well established that an agreement whose formation or performance violates a constitutional statute is void. *Ewert v. Bluejacket*, 259 U.S. 129, 138, 42 S.Ct. 442, 444, 66 L.Ed. 858 (1922); *Connally v. Union Sewer Pipe Co.*, 184 U.S. 540, 548, 22 S.Ct. 431, 435, 46 L.Ed. 679 (1902); *State v. Edwards*, 86 Me. 102, 29 A. 947 (1893); 17 Am.Jur.2d *Contracts* §§ 7, 165 (1964). It is a misnomer even to refer to such an agreement as a "void contract" because, strictly speaking, no contract exists. *Restatement (Second) of Contracts* § 7 comment a (1981); 1A A. Corbin, *Corbin on Contracts* § 17 (1963); 1 *Williston on Contracts* § 15 (W. Jaegar 3d ed. 1957).

In the present case, McNeal hired fifteen-year-old Girard in violation of 26 M.R.S.A. § 773, which absolutely prohibits minors under sixteen from working "in, about or in connection with any manufacturing or mechanical establishment...." According to the parties' factual stipulation, the truck that ran over Girard was equipped with a refuse collection unit that contained a powered internal blade operated by a side-mounted control lever, as well as a power winch used to pick up large dumpsters. According to Philip McNeal's own affidavit, the truck's driver "accidently backed over [Girard] when he fell from the rear of the truck upon which he had been sitting." On these facts, there can be no doubt that it was a violation of section 773 for McNeal to allow Girard to work with or around this dangerous piece of machinery. The court concedes this point. Disregard of section 773 was no mere technical violation of the law. The possession by Girard of a valid work permit could not cure this violation. Because of Girard's age, this agreement for hire was illegal and therefore void *ab initio.* No contract ever existed. Girard was never an employee and therefore not subject to the Worker's Compensation Act.

The court, however, deliberately frames the issues so as to avoid the plain language of the Act. The court asserts that the Workers' Compensation Act reflects no legislative intention "to give illegally employed minors special treatment or to penalize their employees beyond the sanctions provided in the Child Labor Laws themselves." By use of the pejoratives "special treatment" and "penalize," the court suggests that the plaintiff is seeking to create a Siamese twin by "engrafting" the Child Labor Laws onto the Workers' Compensation Act. According to such reasoning, employers would lose their immunity not because of a failure to bring themselves within the coverage of the Workers' Compensation Act, but because of a violation of an unrelated statute.

The court presents the issue exactly backward, however, for McNeal could not possess immunity to a third-party action because he did not fulfill a primary requirement of the Workers' Compensation Act: he did not, and in fact could not, form a contract for hire with young Girard to

work at this particular job. No judicial *tour de force* is necessary to reach that conclusion. On the contrary, one need only read the language of the Act. Under the Act's definition of employee, it is irrelevant which statute McNeal violated so long as it prevents formation of a contract for hire.

Accordingly, I would vacate the judgment of the Superior Court.