## Annie BEVERAGE

v.

## CUMBERLAND FARMS NORTHERN, INC.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1985.

Decided Dec. 17, 1985.

Schuyler G. Steele, (orally), Lowry & Platt, Donald Grey Lowry, Portland, for plaintiff.

Preti, Flaherty & Beliveau, Keith A. Powers, (orally), Evan M. Hansen, Daniel Rapaport, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In this tort action brought in the Superior Court (Cumberland County) against her employer for a work-related injury, the plaintiff employee attempts to avoid the exclusivity provisions of the Workers' Compensation Act, 39 M.R.S.A. §§ 4, 28, by framing her complaint in terms of the so-called Employer's Liability Law, *id.*, §§ 141–148. The Superior Court rejected

that attempt and, on the employee's appeal, so do we.

On April 27, 1984, plaintiff Annie Beverage was working as a night clerk at the Yarmouth store of defendant Cumberland Farms Northern, Inc. When as a part of her job she went to a poorly lighted area in the rear of the store to empty trash into a dumpster, she was raped by an unidentified assailant. As a result she suffered serious physical and psychological injuries. She acknowledges that she had the option of claiming workers' compensation benefits for those injuries because they "ar[ose] out of and in the course of [her] employment." *See id.*, § 51 (Pamph.1985–1986). Rather than follow that course, however, she commenced the present action in the Superior Court, seeking $500,000 in damages under the Employer's Liability Law, §§ 141–148 of title 39 [1] (the same title that contains the Workers' Compensation Act). The employer, Cumberland Farms, promptly filed a motion for summary judgment supported by an affidavit that it maintained a workers' compensation insurance policy that covered its employees, including Beverage, on the date of her injury. After hearing argument, the Superior Court granted summary judgment for Cumberland Farms.

■ The Superior Court was plainly correct in holding that Beverage's tort suit under sections 141 to 148 was barred by the exclusivity provisions of the Workers' Compensation Act. At the time of Beverage's injury,[2] section 4 of the Act read in pertinent part:

> Section 3 shall not apply to actions to recover damages for the injuries [arising out of and in the course of ... employment] or for death resulting from such injuries, sustained by employees of *an employer who has secured the payment of compensation in conformity with sections 21 to 27. Such employers shall be exempt from civil actions* because of such injuries either at common law or *under sections 141 to 148* [Employer's Liability Law], under Title 14, sections 8101 to 8118 [Maine Tort Claims Act] or under Title 18–A, section 2–804 [wrongful death statute].

39 M.R.S.A. § 4 (Pamph.1983–1984) (emphasis added). That employer-exemption provision of section 4 is exactly tracked by the employee-waiver provision of section 28, which reads in pertinent part:

> *An employee* of an employer, who shall have secured the payment of compensation as provided in sections 21 to 27 *shall be held to have waived his right of action* at common law *to recover damages* for the injuries sustained by him,
>
> ....
>
> The employee or his legal representatives shall, subject to sections 142 to 149, have the same rights to compensation and of action against the employer as if he had not been an employee, nor in the service, nor engaged in the work of the employer.

**1.** 39 M.R.S.A. § 141 (1978) provides in pertinent part:

> If personal injury is caused to an employee, who, at the time of the injury, is in the exercise of due care, by reason of:
>
> **1. Defects in ways, works or machinery.** A defect in the condition of the ways, works or machinery connected with or used in the business of the employer, which arose from, or had not been discovered or remedied in consequence of, the negligence of the employer or of a person in his service who had been entrusted by him with the duty of seeing that the ways, works or machinery were in proper condition;
>
> **2. Negligence of employee in superintending capacity.** The negligence of a person in the service of the employer who was entrusted with and was exercising superintendence and whose sole or principal duty was that of superintendence, or in the absence of such superintendent, of a person acting as superintendent with the authority or consent of such employer;

**2.** The 1985 legislature rewrote section 4 to read in pertinent part as follows:

> An employer who has secured the payment of compensation in conformity with sections 21–A to 27 is exempt from civil actions, either at common law or under sections 141 to 148, Title 14, sections [8]101 to 8118, and Title 18–A, sections 2–804, involving personal injuries sustained by an employee arising out of and in the course of his employment, or for death resulting from those injuries.

P.L.1985, ch. 249, § 2.

and *under the statutes specified in section 4.*

39 M.R.S.A. § 28 (1978) (emphasis added). In April 1984,[3] sections 21 to 27 of the Act declared that every private employer (with limited exceptions) "shall secure the payment of compensation in conformity with sections 21 to 27" (§ 21), and specified the ways an "employer subject to this Act [might] secure such compensation and other benefits to his employees," which ways included compensation insurance coverage and self-insurance subject to commission approval (§ 23).

The statutory pattern is perfectly clear. When employer Cumberland Farms secured the payment of workers' compensation benefits to its employees by maintaining an insurance policy, section 4 made it exempt from the civil action that employee Beverage has brought under sections 141 to 148 to recover damages for injuries arising out of and in the course of her employment. To reinforce that section 4 exemption, employee Beverage is deemed by section 28 to have waived the right to bring suit under sections 141 to 148.

Despite the exclusivity that seems crystal clear merely from reading the above-quoted statutory language, plaintiff Beverage argues that her action under sections 141 to 148 is not barred for two reasons: First, she contends that the continued presence of the Employer's Liability Law on the statute books[4] should be taken, in and of itself, as an expression of legislative intent to give the employee an option to decline workers' compensation benefits and to prosecute her claim under the Law, if she can satisfy the notice requirements laid down in sections 145 and 147. Otherwise, she says, the Law is rendered meaningless. Second, she contends that the language of section 4, "who has secured the payment of compensation," and of section 28, "who shall have secured the payment of compensation," refers to the *employee* who has received workers' compensation benefits, rather than the employer who has made arrangements to assure the payment of compensation. The latter argument turns all rules of syntax on their heads. Both sections 4 and 28 speak of "secur[ing] the payment of compensation in conformity with [or "as provided in"] sections 21 to 27," sections that deal solely with the obligation of the employer to install a workers' compensation program. If "secure payment of compensation" meant "obtain compensation benefits," the reference would be to sections 51 *et seq.* of the Act providing for employee entitlements. It is also noteworthy that the language "secure the payment of compensation in conformity with sections 21 to 27" is the precise language used in section 21 in prescribing the employer's obligation to provide compensation.

Whatever the scope of sections 4 and 28, they treat tort actions under the Employer's Liability Law exactly the same as tort actions at common law and under the Maine Tort Claims Act and the wrongful death statute.[5] It is much too late to argue

3. The 1985 legislature repealed section 21, replaced it with section 21–A, and made a variety of other changes in the previous sections 21 to 27. *See* 39 M.R.S.A. §§ 21–A to 27 (1978 & Pamph.1985–1986). None of those changes affects our analysis of the exclusivity provisions of the Workers' Compensation Act.

4. The Employer's Liability Law was enacted by P.L.1909, ch. 258, and has been carried forward through successive statutory revisions substantially without change. Both the Employer's Liability Law and the only two reported cases citing it antedate the 1915 enactment of the Workmen's Compensation Act by P.L.1915, ch. 295. *See Fournier v. York Mfg. Co.,* 108 Me. 357, 81 A.

82 (1911); *Dirken v. Great Northern Paper Co.,* 110 Me. 374, 86 A. 320 (1913).

5. The Employer's Liability Law does not create an independent statutory cause of action. Rather, under certain conditions, it gives the employee the same common law rights he would have against the employer if he had not been an employee at the time of the injury. *See* 39 M.R.S.A. § 141, quoted in n. 1 above. *Cf. McKellar v. Clark Equip. Co.,* 472 A.2d 411, 413 (Me.1984) ("the traditional common law action for negligence is, at this point in our history, a curious amalgam of decisional law and statute").

that sections 4 and 28 do not bar common law tort actions against employers who have undertaken the obligations of the Workers' Compensation Act. The "legislative intendment in enacting the comprehensive scheme for worker's compensation" was to "giv[e] effect to the underlying policy of providing certainty of remedy to the injured employee and absolute but limited and determinate liability for the employer." *McKellar v. Clark Equipment Co.,* 472 A.2d 411, 414 (Me.1984). *See also Procise v. Electric Mutual Liability Insurance Co.,* 494 A.2d 1375, 1381–82 (Me. 1985); *Diamond International Corp. v. Sullivan and Merritt, Inc.,* 493 A.2d 1043, 1045–46 (Me.1985); *Roberts v. American Chain & Cable Co.,* 259 A.2d 43, 49 (Me. 1969). If few occasions remain for employees to bring civil actions in tort against employers, such is merely the inevitable consequence of the legislature's extension of the coverage of workers' compensation. Rather than evince a developing legislative intent to drop the bar to section 141–148 suits, the extension of workers' compensation demonstrates the legislature's continued dissatisfaction with tort suits in court as a means of resolving employee damage claims for work-related injuries.

■ The exclusivity sections of the Workers' Compensation Act mean exactly what they say. If an employer subject to the Act secures the payment of workers' compensation as it is required to do, any of its employees (as well as the representative of any employee) is barred from suing that employer for damages for work-related injuries, whether at common law or under the Employer's Liability Law, the Maine Tort Claims Act, or the wrongful death statute. The employee must look to the workers' compensation system for his exclusive remedy.

The entry is: Judgment affirmed.

All concurring.