**Patrick HEBERT, et al.**

v.

**INTERNATIONAL PAPER CO.**

Supreme Judicial Court of Maine.

Argued March 1, 1994.

Decided March 25, 1994.

Walter F. McKee (orally), Portland, Patrick E. Joyce, Joyce, Dumas, David and Hanstein, P.A., Livermore Falls, for plaintiffs.

John S. Whitman (orally), Anne H. Cressey, Richardson & Troubh, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant International Paper Co. ("IP") appeals from the denial of its motion for a summary judgment (Franklin County, *Bradford, J.*). IP argues that plaintiff Patrick Hebert's claim for the negligent infliction of emotional distress and his wife's claim for the loss of consortium are barred by the immunity provided by the Workers' Compensation Act for work-connected injuries. The Superior Court correctly ruled that, as a matter of law, Patrick Hebert's injury was not incurred in the course of his employment. Accordingly, the immunity afforded by the Workers' Compensation Act does not apply, and we affirm the order denying a summary judgment.

The facts may be summarized as follows: Plaintiff Patrick Hebert worked for IP from 1965 until he was injured. On January 16, 1987, his position was changed from a supervisor to a writer of technical manuals. The following day, he injured his back in a fall on stairs in the mill. In February, while he was disabled at home, his brother brought him a sign that allegedly had been posted at the mill. The sign read as follows:

STAIR SAFETY SLOGAN

FOR AN EASY OUT

WHEN YOUR JOBS INDOUBT

SAY YOUR PRAYERS

AND USE THE STAIRS

Pat Hebert

Hebert telephoned two IP executives, told them that the signs bothered him, and asked that they be removed. He was later told, and the evidence suggests, that copies of the sign were posted at the mill on a number of occasions through June of that year. There is no evidence as to who posted the signs or how long any sign remained posted.

■ Hebert suffered significant emotional trauma allegedly as a result of the signs being posted. He has been hospitalized for psychiatric reasons on five occasions since the signs were first brought to his attention, has threatened IP employees on numerous occasions, and has seen a psychiatrist weekly since June of 1987. Hebert and his wife filed suit alleging intentional and negligent infliction of emotional distress and loss of consortium. IP moved for a summary judgment on all claims, arguing that there was insufficient evidence and that the claims were barred by the immunity provided by the Workers' Compensation Act and by the freedom of speech provisions in the Maine and U.S. constitutions. With the Heberts' consent, the intentional infliction of emotional distress claim was dismissed, but the remainder of the summary judgment motion was denied. The denial of a motion for summary judgment based on a claim of immunity is immediately reviewable under the "collateral order" exception to the final judgment rule. *Ryan v. City of Augusta*, 622 A.2d 74, 75 (Me.1993).

■ IP argues that any injury Hebert sustained is covered under the Workers' Compensation Act, so the exclusivity provisions of the Act bar the suit. Plaintiffs argue that the injury did not arise out of and in the course of Hebert's employment, so the Act does not apply. We assume without deciding that Hebert was still an employee of IP when he first heard of the signs while recuperating at home. The Act covers employee injuries that arise out of and in the course of employment. ("An employer who has secured the payment of compensation in conformity with [the Act] is exempt from civil actions ... at common law ... involving personal injuries sustained by an employee *arising out of and in the course of employment* ...." 39–A M.R.S.A. § 104 (Supp.1993) (emphasis added); *see also* 39 M.R.S.A. § 4 (1989), repealed by P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993).[1])

Assuming that the injury "arose out of" Hebert's employment, it was not incurred "in the course of" that employment. The second prong of the test focuses on the "temporal and spatial circumstances of the worker's sustaining of injury." *Wing v. Cornwall Indus.*, 418 A.2d 177, 179 (Me.1980). The question is whether the injury "occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto." *Id. (quoting Fournier's Case*, 120 Me. 236, 240, 113 A. 270 (1921)). Hebert was at home when he sustained the alleged injury. He was not in any way acting in furtherance of IP's business. The injury did not occur in the course of his employment. In *Comeau v. Maine Coastal Services*, 449 A.2d 362, 366–67 (Me.1982), we expanded on the test for work-connection and provided a non-exhaustive list of considerations used in determining whether a particular injury is compensable under the Act.[2]

---

1. Because these sections are identical in relevant part, we need not determine which applies to this case.

2. Factors to consider in determining compensability include whether the employee was promoting the employer's interests or was accommodating the needs of the employer, whether the activity was within the terms and conditions of employment or served a business purpose, whether the employer or employee created a risk, whether the employee acted recklessly, whether the employer prohibited the employee's conduct, and whether the incident occurred on the employer's premises. *Comeau*, 449 A.2d at 367. These factors are either inapplicable here or reinforce the conclusion that Hebert's injury is not work-related.

We emphasized, however, that the overriding purpose of the Act is "to compensate employees for injuries suffered *while* and *because* they were at work." *Id.* at 366 (citation omitted; emphasis in original). Hebert's injury can in no sense be considered suffered *while* at work. The court properly denied a summary judgment.

We decline to address IP's remaining arguments in this appeal from an interlocutory order.

The entry is:

Order denying motion for summary judgment affirmed.

All concurring.