**Rebecca REED, Plaintiff,**

v.

**AVIAN FARMS, INC., Defendant.**

**Civ. No. 95–CV–260–B.**

United States District Court, D. Maine.

Sept. 30, 1996.

---

W. Thomas Hyde, Merrill Hyde & Portier, Skowhegan, ME, for Plaintiff.

James R. Erwin, Pierce Atwood, Portland, ME, for Defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, Rebecca Reed, worked for Defendant, Avian Farms, Inc. (hereinafter "Avian Farms"), a poultry genetics and research company, from March, 1991 until October 16, 1993. Plaintiff brings this action against Avian Farms alleging violation of her state and federal rights.

Plaintiff filed a three count Complaint. Count 1 alleges violation of her federal civil and employment rights under Title VII of the Civil Rights Act of 1964. Count 2 alleges unlawful employment discrimination in violation of the Maine Human Rights Act (hereinafter "MHRA"), specifically 5 M.R.S.A. § 4551–4660–A. Count 3 alleges intentional infliction of emotional distress.

Defendant moves for summary judgment on all three claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court grants the motion in part, granting summary judgment on Count 3 of the Complaint.

### I. Summary Judgment

Summary judgment is appropriate in the absence of a genuine issue of any material fact, when the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Thus, summary judgment must be denied when disputes remain as to consequential facts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Menard v. First Sec. Servs. Corp.,* 848 F.2d 281, 285 (1st Cir.1988). Facts may be drawn from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed.R.Civ.P. 56(c). An issue is genuine, for summary judgment purposes, if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A material fact is one which has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). The Court views the record in the light most favorable to the nonmoving party. *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995). The Court will, therefore, assume all facts in the light most favorable to Ms. Reed.

## II. Background

Ms. Reed was hired by Defendant in March, 1991. Ms. Reed worked at various locations for Defendant during her tenure with the company. The events which prompted her Complaint took place at Rood Barn, one of Defendant's facilities, in Albion, Maine. During her time at Rood Barn one of Defendant's employees, Archie Sanderson, repeatedly subjected Plaintiff to unwelcome and lewd sexual comments. Such comments included, among others, a threat of rape. Plaintiff complained to her immediate supervisor. After Ms. Reed reported Mr. Sanderson's conduct, Avian Farms temporarily moved both Plaintiff and Mr. Sanderson to two different and separate facilities. At the same time Avian Farms informed Plaintiff that it was conducting an investigation into the incident.

Approximately one week after Plaintiff's move to the new Avian Farms facility, she was informed that the move was permanent. At about the same time, Plaintiff learned that Mr. Sanderson was working at a facility located in close proximity to her new facility, thus requiring her to see Mr. Sanderson frequently, both while at work and when driving to and from work. At some point after her transfer, Plaintiff was informed by a coworker that she would be laid off in November, 1993.

Since Avian Farms began its investigation of Ms. Reed's complaint, Plaintiff attempted to obtain information about the status of the investigation but was continually stonewalled. Avian Farm's statements drove Plaintiff to the conclusion that no action was being taken, or even contemplated, on her complaint. On October 14, 1993, Plaintiff informed Avian Farms that she would be quitting. Ms. Reed's final day at Avian Farms was October 16, 1993.[1]

Defendant's Motion for Summary Judgment raises five issues. First, Plaintiff's claims must fail because Defendant did not know of the alleged harassment when it occurred and took prompt and effective remedial action upon learning of the conduct. Second, Plaintiff was not constructively discharged because her working conditions were not such that as reasonable person would have felt compelled to resign. Third, the statute of limitations bars Plaintiff's Maine Human Rights Act Claim. Fourth, Plaintiff's claim of intentional infliction of emotional distress is barred by the immunity and exclusivity provisions of the Workers' Compensation Act. Fifth, even if Plaintiff's emotional distress claim is not barred, Plaintiff cannot prove intent, extreme and outrageous conduct, or severe emotional distress.

## III. Discussion

### A. Sexual Harassment Claims

Defendant correctly states that one prerequisite to a claim of sexual harassment under Title VII and the MHRA is that the Defendant knew or should have known of the alleged harassment. *E.g., Duplessis v. Training & Development Corp.,* 835 F.Supp. 671, 677 (D.Me.1993). However, Plaintiff alleges sufficient facts to establish a *prima facie* case. Plaintiff alleges more than one incident of harassment, known to Avian Farms' supervisory personnel, which if coupled with an apparent lack of concern for said conduct, could be sufficient for the fact finder to determine that Defendant knew or should have known about the pattern of harassment. Defendant's fact based argument is inappropriate in a Motion for Sum-

---

1. There is a conflict in the record regarding when Plaintiff informed Avian Farms that she was quitting. Plaintiff's deposition states that on October 10, 1993 she informed Avian Farms that she would soon be leaving work, however, Plaintiff claims that her signed resignation, dated October 14, 1993, first informed Avian Farms of her intention to leave her job. *See* Complaint at ¶ 38; Plaintiff's Memorandum In Opposition to Defendant's Motion for Summary Judgment at 5.

mary Judgment, and it is denied by the Court.

### B. Constructive Discharge

■ Defendant also argues that Plaintiff was not constructively discharged because her working conditions were not so intolerable that a reasonable person would have felt compelled to resign. Assuming Plaintiff's allegations are true, which the Court must for the purposes of this Motion, Defendant's claim has no merit. Ms. Reed was subjected to comments which would shock and offend any reasonable person in the workplace. As previously noted by the Court, one of the incidents at issue was a threat of rape. The fact finder could certainly conclude, if it believed Plaintiff, that such an atmosphere would cause a reasonable person to quit her job. This is not an issue for summary judgment, and Defendant's request is denied.

### C. Statute of Limitations

■ An action under the MHRA must be commenced within two years of the alleged unlawful act or acts which underlie the complaint. 5 M.R.S.A. § 4613(2)(C). In this case, Defendant claims that Ms. Reed filed her lawsuit after the statute of limitations had run, hence, the MHRA claim is barred. By letter dated October 14, 1993, Plaintiff resigned from Avian Farms. Her last day of work was October 16, 1993, and Plaintiff filed this case on October 11, 1995.[2]

Defendant asks the Court to limit Plaintiff's harassment claim to two specific instances of harassment which occurred on September, 16 and 19. This is inappropriate. Plaintiff alleges that Defendant's response to Plaintiff's complaint was neither prompt nor remedial and provides sufficient facts which, if believed, could convince the fact finder that

Defendant's pattern of harassment of Ms. Reed continued until the day she left the company. For purposes of the statute of limitations, the Court refuses to limit the "act of unlawful discrimination" simply to two instances when Mr. Sanderson allegedly made the aforementioned comments.[3] Ms. Reed filed this case within the time period proscribed by the statute of limitations. Defendant's request is denied.

### D. Intentional Infliction of Emotional Distress

Defendant contends that Plaintiff's intentional infliction of emotional distress claim is barred by the exclusivity and immunity provisions of Maine's Workers' Compensation Act (hereinafter "the Act"). The Act provides that:

> [a]n employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118; ˙and Title 18–A, section 2–804, involving personal injuries sustained by an employee arising out of and in the course of employment. . . .

39–A M.R.S.A. § 104. The Act goes on to state that:

> an employee of an employer who has secured the payment of compensation as provided . . . is deemed to have waived the employee's right of action at common law . . . to recover damages for the injuries sustained by the employee. ˙

*Id.* at § 408. These two provisions are commonly referred to as the exclusivity and immunity provisions of the Act. It is undisputed that Avian Farms has secured payment of workers' compensation benefits in accordance with Maine law. The issue here is whether

---

**2.** As noted above, there is some disagreement as to when exactly Ms. Reed resigned from Avian Farms. Defendant claims that on October, 10 she told one of her superiors that she was quitting. Plaintiff claims that she resigned by letter dated October, 14. Obviously, for the purposes of this Motion, the Court assumes Plaintiff's statement of the facts. At trial, the fact finder will resolve the factual dispute.

**3.** Regarding Ms. Reed's claim of constructive discharge, Plaintiff and Defendant disagree about

when, under the law, Ms. Reed's resignation occurred. Defendant claims that the resignation occurred when Ms. Reed gave notice that she would be leaving the company. Plaintiff asserts that she resigned when she actually left the company, *i.e.*, on her last day of work. The Court need not decide this issue because whether Ms. Reed resigned on October, 14 or October, 16, the resignation occurred within the two year statute of limitations.

Ms. Reed's claim of intentional infliction of emotional distress falls within the exclusivity and immunity provisions of the Act. In other words, is this type of common law harassment claim in the nature of a personal injury which arises out of and in the course of employment?

Maine's Law Court has interpreted the exclusivity and immunity provisions of the Workers' Compensation Act broadly. Just recently in *Li v. C.N. Brown Co.*, 645 A.2d 606 (Me.1994), the Law Court held that intentional torts fall within the exclusivity and immunity provisions of the Act. *Id.* at 608. In *Li*, The court found the wording of the exclusivity and immunity provisions were "broad and encompassing." *Id.* at 607. In an earlier case, *Knox v. Combined Ins. Co. of America*, 542 A.2d 363 (Me.1988), the Law Court determined that intentional or negligent infliction of emotional distress arising from sexual harassment and assault falls under the Act. The Law Court stated that:

> [t]he applicability of the Workers' Compensation Act with its exclusivity provision is a threshold question that determines whether a common law civil action can proceed at all.

*Knox*, 542 A.2d at 365 (citing *McKellar v. Clark Equip. Co.*, 472 A.2d 411 (Me.1984); *Davis v. Bath Iron Works*, 338 A.2d 146 (Me.1975)). This Court has held that claims for libel and slander, which arise out of and are in the course of employment are subject to the exclusivity and immunity provisions of the Act. *Caldwell v. Federal Express Corp.*, 908 F.Supp. 29, 32–34 (D.Me.1995). Judge Hornby recently cited *Caldwell* in support of his determination that common law actions for defamation are also subject to these provisions. *Sylvester v. Wal-Mart Stores, Inc.*, Nos. 95–166–P–H, 95–167–P–H, 1995 WL 788206 at *2–3 (D.Me. Dec. 21, 1995).

■ The precedent in Maine, although limited, is quite consistent. Common law tort claims such as intentional infliction of emotional distress fall within the exclusivity and immunity provisions of the Act. Therefore, as long as those claims arise out of and are in the course of employment, the appropriate and exclusive remedy is provided by the Act. In this case, it is uncontested that

Plaintiff's claim arises out of and in the course of her employment with Avian Farms. Count 3 of Plaintiff's Complaint is, therefore, dismissed.

For the above reasons, Defendant's Motion for Summary Judgment is *granted* as to Count 3 of Plaintiff's Complaint and *denied* in all other respects.

*SO ORDERED.*