STATE OF MAINE                               SUPERIOR COURT
CUMBERLAND, ss                               CIVIL ACTION
                                             DOCKET NO. CV-99-370
                                             *NM - CUM - 3/9/2000*

GREGORY GOAN, et al.,

          Plaintiffs

          v.                          ORDER ON PLAINTIFFS'
THE CONCORD INSURANCE             MOTION TO DISQUALIFY
GROUP, et al.,                       DEFENSE COUNSEL

          Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAR 1S 2000

          Plaintiffs seek to disqualify Attorney Lavoie and his law firm from

representing the defendants in this case based on the plaintiffs' allegation that

Attorney Lavoie obtained confidential information during his former

representation of Gregory Goan. See M. Bar. R. 3.4(d)(1)(i); Pls.' Reply Mem. at 2-3.

The plaintiffs do not allege that there is a substantial relationship between this case

and the prior matter involving Mr. Goan and Hanover. Id.; Pls.' Mem. at 4.

          The court heard the testimony of Mr. Goan and Attorney Lavoie and has

reviewed the memoranda and attachments, including the affidavits of Attorneys

Lavoie and Bower and Gregory Goan. The plaintiff has failed to show on this

record that he was previously a client of Attorney Lavoie. See Board of Overseers

of the Bar v. Dineen, 500 A.2d 262, 264-65 (Me. 1985). The plaintiff also has failed to

show that Attorney Lavoie "actually acquired information that is both confidential

and relevant" to this case or information would give the defendants an advantage

in this case. See Adam v. Macdonald Page & Co., 644 A.2d 461, 464-65 (Me. 1994).

1

The entry is

The Plaintiffs' Motion to Disqualify Defense Counsel is DENIED.

Date: March 9, 2000

Nancy Mills
Justice, Superior Court

CUM-CV-99-370

STATE OF MAINE
Cumberland, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-370
NM-CUM- 5/26/2000

GREGORY and NANCY GOAN,

       Plaintiffs

v.

THE CONCORD INSURANCE
GROUP, et al,

       Defendants

ORDER ON DEFENDANTS'
MOTION FOR RECONSIDERATION

The court disagrees with the defendants' analysis of the impact of its statement of undisputed material facts. See Defs.' SUMF ¶ 17; Pls.' Response to Defs.' SUMF, ¶ 17.

The plaintiffs have not raised an issue of material fact regarding whether statements by defendant Marcotte caused special harm. Whether the statements are capable of imputing to Mr. Goan a criminal offense or a matter incompatible with his business, trade, profession, or office is a question of law. See Lester v. Powers, 596 A.2d 65, 69 (Me. 1991); Bakal v. Weare, 583 A.2d 1028, 1030 (Me. 1990); Cohen v. Bowdoin, 288 A.2d 106, 110 (Me. 1972); RESTATEMENT (SECOND) OF TORTS §§ 570, 571, 573, 575 (1977); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 112, at 788-92 (5th ed. 1984); BLACK'S LAW DICTIONARY 114-15 (6th ed. 1990) ("Assault"). The court concludes that the statements are not defamatory per se.

The entry is

The Defendants' Motion for Reconsideration is GRANTED.

Judgment is entered in favor of the Defendant Marcotte and against the Plaintiffs on Counts I, IV, and XVII of the Plaintiffs' Third Amended Complaint.

Date:  May 26, 2000

Nancy Mills, Justice
Superior Court

Date Filed __7-1-99__ CUMBERLAND _____ Docket No. __CV99-370__
County

Action _____DAMAGES_____

GREGORY AND NANCY GOAN

CONCORD INSURANCE GROUP
RICHARD DAY
MARIE MARCOTTE
SANDY MACPEEK

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN MCARDLE, III, ESQ.  773-2330<br>183 MIDDLE STREET<br>PORTLAND MAINE  04101 | Christopher Taintor Esq. 774-7000<br>PO Box 4600<br>Portland Me 04112 |

| Date of Entry | |
|---|---|
| **1999**<br>July 6 | Received 7-1-99:<br>Summary sheet filed.<br>Complaint filed.    (Under Seal) |
| '''' | Received 7.2.99:<br>Summary sheet filed.<br>First amended complaint filed.  (Under Seal) |
| July 20 | Received 7.19.99:<br>Summons filed.<br>Defendant Concord Insurance Group served on 7.1.99 to Brian Callahan. |
| '''' | Summons filed.<br>Defendant Marie Marcotte, served 7.1.99. |
| '''' | Summons filed.<br>Defendant Sandy MacPeek, served on 7.1.99. |
| July 22 | Received 7.20.99:<br>Summons filed.<br>Defendant Concord Insurance Group served on 7.8.99 to Brian Callahan. |
| '''' | Defendant Marie Marcott, served 7.8.99. |
| '''' | Defendant Sandy MacPeek served 7.8.99. |
| '''' | Received 7.21.99:<br>Defendants' The Concord Insurance Group, Richard Day, Marie Marcotte, and Sandy MacPeek's Motion to Dismiss filed. |
| '''' | Defendants' Concord Insurance Group, Richard Day, Marie Marcotte, and Sandy MacPeek's Memorandum of law in Support of Defendants' Motion to Dismiss filed. |
| ''''<br>'''' | Defendants' Motion to Strike with incorporated memorandum of Law filed. |
| Sept. 9 | Received 9-8-99.<br>All paperwork received from United States District Court. |

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                    CIVIL ACTION
                                                   DOCKET NO. CV-99-370
                                                   NM-CUM - 4/23/2000

GREGORY GOAN and
NANCY GOAN,

            Plaintiffs

                                        ORDER ON DEFENDANTS'
        vs.                             MOTION FOR SUMMARY
                                        JUDGMENT
THE CONCORD INSURANCE
GROUP, RICHARD DAY,
MARIE MARCOTTE, and
SANDY MACPEEK,

            Defendants


        The plaintiff Gregory Goan has filed claims of defamation, intentional

infliction of emotional distress, negligent infliction of emotional distress, and

punitive damages against defendants Marcotte, MacPeek, Day, and Concord

Insurance Group.  Plaintiff Nancy Goan has filed claims for loss of consortium and

punitive damages against the same defendants.  All defendants seek a summary

judgment on all claims.  For the following reasons, the motion is granted on all

counts except counts I, IV, and XVII of the plaintiffs' third amended complaint.

## DEFAMATION

        Any claims for defamation based on statements alleged to have been made by

defendants Macpeek and Marcotte prior to their employment by Concord in April,

1995 are barred by the statute of limitations.  See 14 M.R.S.A. § 753 (1980 & Supp.

1999); Defs.' SUMF, ¶¶ 3-5; Pls.' SDMF, ¶¶ 2-3.

        Any claims for defamation based on any alleged statements, which were

made by any defendant during the employment at Concord of Gregory Goan and the

defendants and which arise out of and in the course of that employment, are barred by the exclusivity provisions of the Maine Worker's Compensation Act. See 39-A M.R.S.A. § 104 (Supp. 1999); Reed v. Avian Farms, Inc., 941 F. Supp. 10, 14 (D. Me. 1996); Sylvester v. Wal-Mart Stores, Inc., Nos. 95-166-P-H & 95-167-P-H, 1995 WL 788206 *3 (D. Me. Dec. 21, 1995); Gordon v. Cummings, 2000 ME 68, ¶ 30, --A.2d--; Defs.' SUMF, ¶¶ 6, 8, 9, 12, 16; Pls.' SDMF, ¶¶ 5, 6, 9, 10, 13, 33. There is genuine issue of material fact on this record regarding whether the statement allegedly made by defendant Marcotte to Dick George was a statement arising out of and in the course of employment at Concord. See Caldwell, 908 F. Supp. 29, 34 (D. Me. 1995); Defs.' SUMF, ¶ 17(ii).

The alleged statements by defendants Marcotte and Macpeek to Dr. Melvin Attfield are privileged. See Aequitron Medical, Inc. v. Dyro, 999 F. Supp. 294, 298-99 (E.D.N.Y. 1998); Hoover v. Van Stone, 540 F. Supp. 1118, 1122-23 (D.Del. 1982); Dineen v. Daughan, 381 A.2d 663, 664 (Me. 1978); Defs.' SUMF, ¶¶ 17(iii), 18(ii), 19; Pls.' Response to Defs.' SUMF, ¶ 19; Pls.' SDMF, ¶¶ 18-32.

## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Gregory Goan's claims with regard to emotional distress against defendants Marcotte and Macpeek are based upon their alleged defamation of him. Defs.' SUMF ¶ 24; Pls.' Response to Defs.' SUMF, ¶ 24. Claims for emotional distress are subsumed by defamation claims. See Veilleux v. National Broadcasting Co., 206 F.3d 92, 129-30 (1st Cir. 2000); Sylvester, 1995 WL 788206 at *3; Rippett v. Bemis, 672 A.2d 82, 87-88 (Me. 1996).

2

Gregory Goan's emotional distress claims against defendants Day and Concord are based either on alleged violations of duties not owed by those defendants to plaintiff Gregory Goan or on claims previously dismissed. See Bryan R. v. Watchtower Bible and Tract Society of New York, Inc., 1999 ME 144, ¶ 30, 738 A.2d 839, 848; Bard v. Bath Iron Works Corp., 590 A.2d 152, 156 (Me. 1991); Defs.' SUMF, ¶ 25; Pls.' Response to Defs.' SUMF ¶ 25.

LOSS OF CONSORTIUM

The Law Court has determined that consortium claims are separate, independent causes of action. See Hardy v. St. Clair, 1999 ME 142, ¶ 11, 739 A.2d 368, 372. The Court declined to determine whether such claims are subject to common law or statutory defenses to the claims of an injured spouse. Id. 1999 ME 142, ¶12, n. 6, 739 A.2d at 372 n.6.

A consortium claim is based on statutory law. 14 M.R.S.A. § 302 (Supp. 1999); Hardy, 1999 ME 142, ¶ 12, 739 A.2d 368, 372 citing Dionne v. Libbey-Owens Ford Co., 621 A.2d 414, 418 (Me. 1993). The Legislature could not have intended to allow a consortium claim to proceed when the injured spouse's claims are barred by a statute of limitation or by the rules pertaining to privilege. See, e.g., Rippett, 672 A.2d at 87 (if alleged defamatory statements are privileged, no recovery for emotional distress because recovery would undermine privilege). Further, the Legislature could not have intended to create an independent claim for a spouse who has no cause of action under the Workers' Compensation Act. See McKellar v. Clark Equipment Co., 472 A.2d 411, 415 (Me. 1984); see also Petitioning Creditors of

Melon Produce, Inc. v. Braunstein, 112 F.3d 1232, 1237 (1st Cir. 1997) ( when possible, statutes should be construed in commonsense manner to avoid absurd and counterintuitive results).

PUNITIVE DAMAGES

The plaintiff Gregory Goan has raised an issue of fact regarding whether defendant Marcotte acted with malice toward him. See DiPietro v. Boynton, 628 A.2d 1019, 1024 (Me. 1993); Pls.' SDMF, ¶ 16.

The entry is

Defendant Marcotte's Motion for Summary Judgment is DENIED on Counts I, IV, and XVII of the Plaintiffs' Third Amended Complaint. Defendant Marcotte's Motion for Summary Judgment is GRANTED on Counts II, III, and XVIII of the Plaintiffs' Third Amended Complaint. Judgment is entered in favor of Defendant Marcotte and against the Plaintiffs on Counts II, III, and XVIII of the Plaintiffs' Third Amended Complaint.

Defendant MacPeek's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant MacPeek and against the Plaintiffs on Counts V, VI, VII, VIII, XIX, and XX of the Plaintiffs' Third Amended Complaint.

Defendant Day's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant Day and against the Plaintiffs on Counts IX, X, XI, XII, XXI, and XXII of the Plaintiffs' Third Amended Complaint.

Defendant The Concord Insurance Group's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant Concord Insurance and against the Plaintiffs on Counts XIII, XIV, XV, XVI, XXIII, and XXIV of the Plaintiffs' Third Amended Complaint.

Date: April 23, 2000

Nancy Mills
Justice, Superior Court

4

Date Filed __7-1-99__    __CUMBERLAND__      Docket No. __CV99-370__

County

Action ____DAMAGES____

GREGORY AND NANCY GOAN

CONCORD INSURANCE GROUP
RICHARD DAY
MARIE MARCOTTE
SANDY MACPEEK

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN MCARDLE, III, ESQ.   773-2330<br>183 MIDDLE STREET<br>PORTLAND MAINE   04101 | Christopher Taintor Esq. 774-7000<br>PO Box 4600<br>Portland Me 04112 |

DONALD L. GAMBRECHT
LAW LIBRARY

MAY 24 2000

| Date of Entry | |
|---|---|
| **1999**<br>July 6 | Received 7-1-99:<br>Summary sheet filed.<br>Complaint filed.   (Under Seal) |
| " " " " | Received 7.2.99:<br>Summary sheet filed.<br>First amended complaint filed. (Under Seal) |
| July 20 | Received 7.19.99:<br>Summons filed.<br>Defendant Concord Insurance Group served on 7.1.99 to Brian Callahan. |
| " " " " | Summons filed.<br>Defendant Marie Marcotte, served 7.1.99. |
| " " " " | Summons filed.<br>Defendant Sandy MacPeek, served on 7.1.99. |
| July 22 | Received 7.20.99:<br>Summons filed.<br>Defendant Concord Insurance Group served on 7.8.99 to Brian Callahan. |
| " " " " | Defendant Marie Marcott, served 7.8.99. |
| " " " " | Defendant Sandy MacPeek served 7.8.99. |
| " " " " | Received 7.21.99:<br>Defendants' The Concord Insurance Group, Richard Day, Marie Marcotte, and Sandy MacPeek's Motion to Dismiss filed. |
| " " " " | Defendants' Concord Insurance Group, Richard Day, Marie Marcotte, and Sandy MacPeek's Memorandum of law in Support of Defendants' Motion to Dismiss filed. |
| " " " " | Defendants' Motion to Strike with incorporated memorandum of Law filed. |
| Sept. 9 | Received 9-8-99.<br>All paperwork received from United States District Court. |