**Gibson McMILLAN, as Personal Representative of the Estate of Andrew J. MCMILLAN, Plaintiff,**

v.

**COLLEGE PRO PAINTERS (U.S.) LTD. Defendant.**

**No. CIV.04–211–P–C.**

United States District Court, D. Maine.

Dec. 2, 2004.

---

8. 17–A M.R.S.A. § 401(1) does not distinguish between burglarizing a dwelling and a store.

Julian L. Sweet, Berman & Simmons, P.A., Lewiston, ME, for Gibson McMillan, as Personal Representative of The Estate of Andrew J. McMillan, Plaintiff.

Dean Richlin, Foley Hoag LLP, Boston, MA, Peter J. Brann, Brann & Isaacson, Kevin J. Beal, Brann & Isaacson, Lewiston, ME, for College Pro Painters (US) Ltd, Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

GENE CARTER, Senior District Judge.

Before the Court is Plaintiff's Motion to Strike Defendant's Motion to Dismiss the Complaint (Docket Item No. 12) and Defendant's Motion to Dismiss (Docket Item No. 11). The Court will act herein on Plaintiff's Motion to Strike. Plaintiff has filed a complaint seeking damages alleged to have resulted from the death of Andrew McMillan while working on a house paint-ing project in Topsham, Maine. The Complaint alleges that the job was carried on under the business aegis of Defendant, College Pro Painters (U.S.) LTD., as a franchisor, and one William Karz, its franchisee. The Complaint alleges in numerous paragraphs the existence of various duties of Defendant arising out of its contractual relationships with Karz and the decedent and the alleged breach of those duties. It is undisputed that decedent died as a result of his work-related injuries sustained in his activities on the painting project.

Defendant has filed its Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6), asserting that the dismissal should be "for lack of subject matter jurisdiction," Defendant's Motion to Dismiss at 1, because, it is claimed, that Defendant "is exempt from liability pursuant to [the][M]aine [W]orkers' [C]ompensation [A]ct, 39–A M.R.S.A. § 104." *Id.* Defendant attaches to its Motion and relies on the Declaration of Eric C. Maxwell, alleged to be the Controller of the Defendant. Plaintiff has filed a Motion to Strike Defendant's Motion to Dismiss on the grounds that (1) it is improperly premised in attacking the subject matter jurisdiction of this Court;[1] (2) the Motion "does not

---

1. In this regard, Plaintiff asserts, in a contention based more on linguistic coloration than on substance, that the Motion to Dismiss improperly alleges a lack of subject matter jurisdiction. If it could be properly determined on the Motion (or subsequently for that matter) that Defendant is entitled to immunity under the Maine Workers' Compensation Act, then this, or any other Court, is deprived of jurisdiction by the very terms of the Act over any matter or issue within the scope of Defendant's immunity under the Act, which specifically provides that an employer entitled to immunity under the Act "is exempt from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118, and Title 18–A, section 2–804 involving personal injuries sustained by an employee arising out of and in the course of employment, or for the death resulting from those injuries." 39–A M.R.S.A. § 104. An exemption by reason of a statutory immunity from suit does destroy a Court's subject matter jurisdiction over matters within the scope of the immunity (e.g., a Court has no authority to act on those matters). The Maine Law Court has treated the thrust of section 104 in such manner. *See Li v. C.N. Brown Co.,* 645 A.2d 606, 609 (Me.1994) ("In this case, C.N. Brown had secured payment of workers' compensation pursuant to the Workers' Compensation Act. Therefore ... [Plaintiff] ... is barred by ... the Act from pursuing civil

seek a pure legal ruling or one which can be assessed on the basis of fact plead in the Complaint," Plaintiff's Motion to Strike at 2; and (3) the Motion is properly one for summary judgment and fails to comply with the requirements of Fed.R.Civ.P. 56.

This Court will consider the Motion on the basis of grounds (2) and (3) taken together. The factual predicate on which the Court may properly act in deciding a Motion to Dismiss a Complaint is rather narrowly circumscribed. "In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001). The Defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir.2001).

Ordinarily, in deciding a motion to dismiss, a court may not consider any document outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). There is a narrow exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.; see also Young v. Lepone*, 305 F.3d 1, 11 (1st Cir.2002) ("when the factual allegations of a complaint revolve around a document whose authenticity is unchallenged,

that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (citations and internal quotation marks omitted).

Here the Defendant has invited the Court's reliance on materials *dehors* the Complaint by filing in support of its Motion to Dismiss the Affidavit of Eric C. Maxwell to evidence the nature of the relationship of Defendant to Mr. Karz and of Plaintiff to each of them. That item does not fall within any of the exceptions described above. A careful review of the Complaint reflects that it contains, *inter alia*, allegations that:

(1) Defendant is a franchisor of College Pro Painters franchises, ¶ 3,

(2) Defendant has recruited individuals to manage local College Pro franchises, ¶ 6,

(3) William Karz was a franchisee of Defendant, ¶ 12,

(4) Plaintiff began working on a crew of painters directed by Karz, ¶ 13, and

(5) Plaintiff was so employed at the time of his injury, ¶ 14.

Counts I through III of the Complaint allege activities of Defendant claimed to be productive of duties owed by Defendant to Plaintiff, allegedly outside the confines of any employment relationship between Defendant and Plaintiff, or at least that is the fair inference to be drawn from the juxtaposition of these allegations to the factual allegations pointed out above. Thus, the thrust of Plaintiff's theory of the case is that, apart from an employment relationship, if any, between Plaintiff and Defen-

---

litigation against C.N. Brown for its negligent or intentional conduct resulting in ... [the decedent's] injuries and death."). Hence, one may properly say, albeit euphemistically perhaps, that the existence of the immunity-based exemption from suit deprives the Court of subject matter jurisdiction over any matter within the scope of the immunity.

Plaintiff's stated basis to strike on this ground is rejected by the Court.

dant, there was an "undertaking of services" by the Defendant creating the duty of reasonable care which allegedly was outside of the course and scope of the employment of Plaintiff by either Defendant or Karz.

Defendant's attack on the Complaint, as limned by the Motion to Dismiss, is based on the assertion that Defendant is entitled to immunity from Plaintiff's claims under § 104, necessarily because his activities and injuries took place in the course and scope of an employment relationship covered by workers' compensation insurance pursuant to § 104. Defendant claims the Complaint "reinforces" a conclusion that Plaintiff is claiming that Defendant was Plaintiff's employer. Motion to Dismiss, at 5.

The Court is satisfied that there is a real dispute of fact about the relationships of these parties, including Karz, with respect to the painting project in question and about what, if anything, the nature of any such relationships have to do with the creation of Defendant's claimed duty to use due care toward Plaintiff by virtue of the alleged "undertaking of services," the extent of that duty, and the legal consequences, if any, of its breach, if any. Those issues of fact must be resolved before the legal determination can be made as to whether Defendant can claim immunity in this case under 39–A M.R.S.A. § 104.

A Motion to Dismiss cannot be the proper vehicle to decide that question in the circumstances of this case where there is present a Complaint in the posture of the Complaint herein. Further factual development beyond the allegations of the Complaint is required before the ultimate question of law can be properly resolved.[2]

Accordingly, the Plaintiff's Motion to Strike is hereby **GRANTED**.

2. Defendant, in opposition to the Motion to Strike, adverts to the Court's option to convert a Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment if it is necessary to consider material outside the Complaint. Rule 12(b) does provide in pertinent part as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b) (emphasis added). Clearly, that provision provides an option to the Court in the exercise of its discretion to refashion a Motion to Dismiss, in appropriate circumstances, as a Rule 56 Motion for Summary Judgment. It does not, however, *require* that the Court do so.

Where the factual dispute, resolution of which is necessary to adjudicate a legal claim of immunity, is as profound and nuanced as it is here and since it is likely that extensive discovery, including various depositions, will be required to provide the necessary factual predicate for resolution of the legal issue, it will only be productive of delay, ineptness and unnecessary difficulty in properly formulating a record sufficient to resolve the legal issue to attempt to refashion the Motion to Dismiss as a Summary Judgment Motion. Local Rule 56 is intended to provide a structured process for the creation of an adequate record for Rule 56–type adjudication and a focused guide for counsel as to what is required in that regard. "[A] Motion for Summary Judgment and opposition thereto *shall* comply with the requirements of this Rule." Local Rule 56(a). Such compliance, when it occurs, assures the Court a proper record on which to efficiently act and directs efficiently counsel's efforts to that end. It will be to the advantage of all concerned in this case to have this issue nicely and completely framed under the strictures of Local Rule 56.